# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Damon Smith,

    Plaintiff,

v.      CIVIL ACTION NO. 1:08-CV-1042-JOF

James Pefanis, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the court on Defendant AME Financial Corporation's motion for partial summary judgment [80]; Plaintiff's motion for contempt sanctions against Ron Eckland, Atlanta Real Estate Law Group, LLC, David Ates, and The Jeffries Group [94]; the Non-Final Report and Recommendation of Magistrate Judge Russell G. Vineyard [116]; Defendants' motions for extension of time [118], [119], and [120]; Defendants' motion for leave to file objections out of time [125]; and Defendants' objections to the Non-Final Report and Recommendation [122].

Plaintiff, Damon Smith, filed suit against Defendants James Pefanis, AME Financial Corporation and Georgia Mutual Mortgage Corporation, on March 17, 2008, alleging he suffered a sexually hostile work environment, sexual harassment resulting in a tangible

employment action, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Plaintiff also asserted state law causes of action of negligent hiring and retention, assault and battery, intentional infliction of emotional distress, and failure to provide plaintiff with a safe work environment in violation of O.C.G.A. § 34-2-10. Defendants moved for summary judgment as to all Plaintiff's claims save for assault and battery.

Magistrate Judge Russell G. Vineyard issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted in part and denied in part. He recommends denying Defendants' motion as to Plaintiff's hostile work environment, retaliation, and negligent hiring claims. He recommends granting Defendants' motion as to Plaintiff's claims of intentional infliction of emotional distress and failure to provide plaintiff with a safe work environment in violation of O.C.G.A. § 34-2-10. Magistrate Judge Vineyard also considered Plaintiff's motion for contempt for failure of certain Defendants and non-defendants to comply with the Magistrate Judge's orders as to subpoenas issued by Plaintiff pursuant to Federal Rule of Civil Procedure 45. He certified the facts surrounding the subpoena dispute and recommended that the district court issue a show cause order.

2

**Motion for Summary Judgment**

Plaintiff, an African-American male, worked as an account executive for AME and Georgia Mutual Mortgage Corporation from August 2007 until November 30, 2007. The Report and Recommendation sets forth in great detail the allegations made by Plaintiff to support his sexual harassment claim. This testimony includes direct propositions by Defendant Pefanis, a homosexual, as well as physical touching and rubbing of Plaintiff's body, and simulation of anal sex against Plaintiff's body. The Magistrate Judge concluded that Plaintiff had proffered sufficient evidence to show that Defendant Pefanis's actions were pervasive, severe and "based on sex." (Plaintiff's testimony is similar to that adduced in a case filed by another plaintiff against the same defendants. *See Forsberg v. Pefanis*, Civil Action No. 07-CV-3116-JOF-RGV. In *Forsberg*, Magistrate Judge Vineyard found that Defendant Pefanis's actions were "based on sex" because he harassed females in order to humiliate them and males for sexual gratification. In *Forsberg*, in an order dated March 27, 2009, the court adopted *inter alia* this portion of the Magistrate Judge's order.)

As to his retaliation claim, Plaintiff testified that after innumerable propositions by Defendant Pefanis, Plaintiff once again strongly rejected Pefanis's advances in the middle of November 2007. Plaintiff was terminated two weeks later. Defendants offered that Plaintiff was terminated for performance reasons because he did not meet his sales quota during the three months he was employed. Defendants further asserted that they had put

3

Plaintiff on a performance improvement plan and warned him that his job was in jeopardy. Plaintiff testified that he was never told by anyone that his performance was deficient. He claims he was never put on a performance improvement plan, and, indeed, none was produced during discovery. He also asserts that his sales numbers met or exceeded the quotas as he understood them. Finally, he testified that at the time of his termination, none of Defendants' employees told him he was being terminated for poor performance, rather they stated that he was being let go because "Pefanis want[ed] him gone" and that he was not a "good fit." Defendants' Human Resources Supervisor, in fact, told Plaintiff she did not agree with the decision to terminate him.

Defendants object to the Report and Recommendation for three reasons.[1] First, Defendants contend that the Magistrate Judge erred in recommending the sexual harassment claim proceed because they argue Defendant Pefanis is an "equal opportunity offender" and therefore his conduct cannot be said to be "based on sex." Second, Defendants contend that the Magistrate Judge erred in recommending that Defendants' motion for summary judgment as to retaliation be denied because there are disputed facts as to the legitimacy of

---

[1] Both in the instant matter and the *Forsberg* litigation, Defendants' counsel has filed numerous motions for extensions of time. Often, the motion seeks an extension of one or two days and just prior to the expiration of that time, another motion is filed seeking a similarly short extension. The court notes this practice does not generally aid in judicial economy, but as Plaintiff has yet to be prejudiced by requests for these extensions, the court will grant them. The court, however, makes no comment as to how it might view these motions going forward. The court GRANTS Defendants' motions for extension of time [118], [119], and [120]; and GRANTS Defendants' motion for leave to file objections out of time [125].

the reasons given for Plaintiff's termination. Finally, Defendants seek the benefit of the "same decision" defense to argue that Plaintiff will not be able to establish back pay or damages because he cannot work for a mortgage company anymore.

With respect to Plaintiff's sexual harassment claim, the court notes that Defendants do not object to the Magistrate Judge's conclusion that Plaintiff set forth sufficient evidence on pervasiveness and severity, but rather only object to the Magistrate Judge's finding that Defendant Pefanis's actions were "based on sex." For the reasons given in the Magistrate Judge's Report and Recommendation, *see* pages 19-24, the court agrees that Plaintiff has presented sufficient evidence from which a jury could conclude that Defendant Pefanis's actions were "based on sex" and he is not an "equal opportunity offender."

Defendants object to the Report and Recommendation on Plaintiff's retaliation claim arguing only that there was not sufficient evidence from which a jury could conclude that Defendants' reasons for termination were pretextual. The court disagrees. The Magistrate Judge reviewed Plaintiff's ample evidence that job performance was not the real reason for Plaintiff's termination, including Plaintiff's testimony that he was never told his job was in danger; he met the sales quotas set out for him by Defendants; he was never placed on a performance improvement plan and none was produced in discovery; and at the time of his termination, he was not told his firing was based on his job performance. This is sufficient

5

evidence from which a reasonable jury could conclude that Defendants' stated reasons for termination were pretextual.

Finally, as for Defendants' "same decision" objection, the court notes that the Magistrate Judge found that Defendants waived the defense on summary judgment because they made no argument in their briefs concerning the back pay issue. On this basis alone, the court can reject any notion of the "same decision" defense as Defendants have not previously raised it in the litigation. *See Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) (holding district court has discretion to decline to consider party's argument when argument was not presented first to magistrate judge, but rather was first raised in party's objections to magistrate judge's report and recommendation). In any event, Defendants do no better in their objections. Defendants vaguely allude to the fact that Plaintiff cannot be hired to work at a mortgage company without any further explanation. In his response to Defendants' objections, Plaintiff presumes Defendants' argument is based on the fact that many years ago, Plaintiff was convicted of the felony of criminal mischief. However, Defendants were aware of Plaintiff's prior conviction when he was hired, and therefore, they cannot claim the benefit of the "same decision" defense.

**Motion for Contempt**

Plaintiff moves for civil and criminal contempt sanctions pursuant to Federal Rule of Civil Procedure 45(e) and 18 U.S.C. § 401 against non-parties Ron Eckland; Atlanta Real

Estate Law Group, LLC; The Jeffries Group, financial accountants; and David Ates, Defendants' attorney, based on their failure to comply with the October 30, 2008, order of the Magistrate Judge directing them to produce any and all documents responsive to the August 11, 2008, Rule 45 subpoenas. In his Report and Recommendation, the Magistrate Judge reviews the materials he directed to be produced pursuant to these subpoenas. *See* Report and Recommendation, at 48-52. He then discusses the parties' briefs as to the motion for civil and criminal contempt, as well as a hearing held before the Magistrate Judge on January 27, 2009. *Id.* at 52-60. Based on his review of this procedural and factual history, the Magistrate Judge concluded that Plaintiff sufficiently established a *prima facie* case that Eckland, the Atlanta Real Estate Law Group, LLC, The Jeffries Group, and David Ates failed to comply with the Court's October 30, 2008, order. Therefore, he recommends that the district court issue an order directing them to show cause as to why they should not be adjudged in contempt. The Magistrate Judge did not recommend that criminal contempt sanctions be applied. *See id.* at 61 n.23. But for a fleeting reference in a footnote, Defendants did not object to this portion of the Magistrate Judge's Report and Recommendation.

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), in such cases where the district judge has assigned pretrial matters to the magistrate judge and acts pertaining to these matters are deemed to constitute civil contempt:

7

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be held in contempt by reason of the facts so certified.

*Id.* The court agrees with the recommendation of the Magistrate Judge that Eckland, the Atlanta Real Estate Law Group, LLC, The Jeffries Group, and David Ates should show cause as to why civil contempt sanctions should not be entered against them for failure to comply with the October 30, 2008, order of Magistrate Judge Russell G. Vineyard.

**Conclusion**

In sum, the court ADOPTS the Report and Recommendation of the Magistrate Judge as the ORDER of this court. The court GRANTS IN PART AND DENIES IN PART Defendants' motion for partial summary judgment [80]. The claims remaining in the case are sexual harassment and retaliation in violation of Title VII, negligent retention and hiring, and assault and battery.

The court agrees with the Magistrate Judge's recommendation that sufficient evidence exists for the court to issue a show cause order as to why Ron Eckland; Atlanta Real Estate Law Group, LLC; The Jeffries Group, financial accountants; and David Ates should not be found in contempt. The court DIRECTS Plaintiff and Ron Eckland, Atlanta Real Estate Law Group, LLC, The Jeffries Group, and David Ates, to appear in Courtroom

AO 72A
(Rev.8/82)

1905 on Wednesday, September 30, 2009, at 10:30 a.m. for a hearing on the motion for contempt [94].

The court GRANTS IN PART AND DENIES IN PART Defendant AME Financial Corporation's motion for partial summary judgment [80]; ADOPTS the Non-Final Report and Recommendation of Magistrate Judge Russell G. Vineyard [116] as the ORDER of this court; GRANTS Defendants' motions for extension of time [118], [119], and [120]; GRANTS Defendants' motion for leave to file objections out of time [125]; and REJECTS Defendants' objections to the Report and Recommendation [122].

**IT IS SO ORDERED** this 31st day of August 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

9