# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Damon Smith, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-cv-01042-JOF-RGV |
| James Pefanis, et al., | : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the court on Mr. Eckland's notice of purging of contempt and request for hearing [203] and Plaintiff's objection thereto [204].

In an order dated December 15, 2009, the court granted Plaintiff's motion to compel and directed Mr. Eckland to respond to the following requests:

1. Produce his bank statements and cancelled checks for all personal and business bank accounts that he has owned since December 1, 2007 (including all bank accounts belonging to Atlanta Real Estate Law Group, or any other business entity in which he has a full or partial ownership interest and including all bank accounts that he jointly holds with Pefanis).

2. Produce all financial records (including cancelled checks) reflecting any monthly payments for River Ridge mortgage since April 2008.

3. Produce his 2007 and 2008 personal and business tax returns, so that they may be examined to determine whether they are consistent with Eckland receiving a mortgage on River Ridge (and consistent with Pefanis transferring property to him at any time in 2007 or 2008).

4. Produce all documents reflecting the formation and current and past ownership structure for LendX (and any other mortgage company that he currently owns, in part or in whole).

5. Produce all documents reflecting the capital contributions and any asset transfers to LendX (and any other mortgage company that Eckland currently owns, in part or in whole) from any source.

6. Produce all financial records (including financial statements, bank statements, cancelled checks, deposit slips and other financial records) for LendX (and any other mortgage company that he currently owns, in part or in whole).

*See* Order, at 15-16. Mr. Eckland was directed to produce these documents by January 4, 2010. In an order dated January 15, 2010, the court noted that Plaintiff contended that Mr. Eckland had not complied with this order. Therefore, the court directed Mr. Eckland to appear at the court's next scheduled hearing in the instant case – January 22, 2010 – with all of the documents in his possession or control responsive to the court's order.

At the court's January 22, 2010, hearing, after entertaining argument from the parties, the court determined that Mr. Eckland was in contempt of court for failure to produce the documents as ordered. The court directed that Mr. Eckland be placed in the custody of the U.S. Marshal Service until he purged his contempt.

On January 25, 2010, Mr. Eckland's counsel informed the court that certain cancelled checks and bank statements had been produced to Plaintiff and therefore contends that Mr.

AO 72A
(Rev.8/82)

Eckland has purged himself of contempt. In response, Plaintiff argues that Mr. Eckland has not done so. In a letter dated January 25, 2010, and attached to Plaintiff's objection to Mr. Eckland's notice, Plaintiff's counsel sets forth in detail their contentions as to why Mr. Eckland has not produced all documents in his possession or under his custody and control and has not fully complied with Items No. 1-6. *See* Letter from Ben Stone to Robin Loeb, dated January 25, 2010, specifically at pages 3-4.

The court DIRECTS that in his reply brief, Mr. Eckland shall ADMIT or DENY by separate paragraph Plaintiff's contentions in Items No. 1-6 of the January 25, 2010, correspondence. If any paragraph is admitted, there is no need for a hearing. If all are denied, the court will schedule a hearing.

The court again reminds counsel that this is a civil proceeding. The filing by an attorney of a contention that there has been complete satisfaction of a court's order when there demonstratively has not been could be considered by the court as vexatiously multiplying the proceedings of the case under 28 U.S.C. § 1927.

The court further notes that Plaintiff's counsel are correct that the court understood that a meet and confer is a condition precedent to making a motion to purge contempt.

To the extent that it would assist in the parties' understanding, the court recognizes that LendX is an LLC registered in the State of Delaware. *See* Exh. 26 to Plaintiff's Reply to Motion to Add LendX as a party, Docket Entry [226], Civil Action No. 07-CV-3116-JOF.

AO 72A
(Rev.8/82)

6 Del. C. § 18-305 governs the access to and confidentiality of information and records of a Limited Liability Company and provides that each member of the limited liability company "has the right, subject to such reasonable standards . . . to obtain from the limited liability company from time to time upon reasonable demand for any purpose reasonably related to the member's interest as a member of the limited liability company" certain financial information, including "true and full information regarding the status of the business and financial condition of the limited liability company," "true and full information regarding the amount of cash and a description and statement of the agreed value of any other property or services contributed by each member and which each member has agreed to contribute in the future," and "[o]ther information regarding the affairs of the limited liability company as is just and reasonable." *Id.* Although the right to access certain information can be restricted under the company's operating agreement, it appears not to have happened here.

**IT IS SO ORDERED** this 26th day of January 2010.

                                            /s J. Owen Forrester
                                            J. OWEN FORRESTER
                     SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)