**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Evangelina Forsberg, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-cv-03116-JOF |
| James Pefanis, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| AND | : | |
| | : | |
| Damon Smith, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-cv-01042-JOF-RGV |
| James Pefanis, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>OPINION & ORDER</u>

In Civil Action No. 07-CV-3116-JOF, this matter is before the court on Plaintiff's emergency motion to compel discovery from Defendant James Pefanis [269] and the certificate of consent for withdrawal of counsel [271].

In Civil Action No. 08-CV-1042-JOF, this matter is before the court on the certificate of consent for withdrawal of counsel [211].

On February 1, 2010, in *Forsberg* Civil Action No. 07-CV-3116, Plaintiff filed the instant motion to compel discovery from Defendant James Pefanis. Plaintiff asserts that Defendant Pefanis has failed to fully and truthfully answer post-judgment discovery.

The court notes that two Defendants in both *Forsberg* and *Smith*, AME Financial Corp. and Georgia Mutual Mortgage Company filed suggestions of bankruptcy on January 28, 2010. Under 11 U.S.C. § 362, therefore, these matters are stayed as to those two defendants. Their bankruptcy, however, does not stay the cases in their entirety. Pursuant to applicable bankruptcy law, "[e]xtension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances." *See*, *e.g.*, *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999); *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (noting circumstances could "include a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case"). The automatic stay does not extend to third-party defendants "even if they are in a similar legal or factual nexus with the debtor." *See Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991).

A stay could extend to third-party defendants under circumstances which include "where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment against or finding against the debtor." *See Reliance*

2

*Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5ᵗʰ Cir. 2003) (quotation and citation omitted). The court does not find that such extraordinary circumstances are present here. Liability has already been determined and judgment entered against the parties in *Forsberg*. The post-judgment discovery proceedings relate to the location of potential assets upon which Plaintiff may execute. Requiring Defendant Pefanis to answer post-judgment discovery will not impair the rights of those defendants who have filed bankruptcy. Likewise, in *Smith*, the parties have already briefed numerous pre-trial motions which the court is in the process of considering. Therefore, the court intends the *Forsberg* and *Smith* litigations to go forward with Defendants Pefanis and LendX.

The court further notes that on February 2, 2010, counsel for Defendant Pefanis, AME Financial Corp. and Georgia Mutual Mortgage Company filed a certificate of consent for withdrawal of counsel in both *Forsberg* and *Smith*. Therefore, the court terminates Edward T.M. Garland, Donald F. Samuel, and Robin N. Loeb, and the law firm of Garland, Samuel & Loeb as counsel of record in both of those cases. The court notes that in *Smith*, David Ates will now serve as counsel for Mr. Ronald Eckland on the matter of his current contempt of court only.

Although the automatic stay of the bankruptcy court is in place for Defendants AME Financial Corp. and Georgia Mutual Mortgage Company, the court reminds Defendants AME Financial Corp. and Georgia Mutual Mortgage Company that corporations may only

3

be represented in court by an attorney and an attorney must sign all pleadings filed with the court. A corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia.

Defendant Pefanis is DIRECTED to inform the court within ten (10) days from the date of this order whether he has secured new counsel or whether he will represent himself. Defendant Pefanis should file a notice to this effect in both *Forsberg* and *Smith*.

With respect to Plaintiff's emergency motion to compel discovery responses from Defendant James Pefanis filed in the *Forsberg* case, the court DIRECTS Defendant Pefanis to respond to Plaintiff's motion by close of business, Thursday, February 11, 2010. The court recognizes that Plaintiff asserts that Defendant Pefanis has not identified or produced any documents regarding his income and interest from LendX. *See* Motion, at 10 (and attached Rule 69 discovery requests). Based on the information before the court at this time, the court is not aware that Defendant Pefanis has any ownership interest in LendX. Therefore, the court would not understand Defendant Pefanis to have custody or control over any material that could be described as LendX "corporate" documents and would not expect him to be able to produce those documents. However, to the extent that Defendant Pefanis were receiving an income from LendX or did have some kind of interest in the company, the court would expect him to turn over those documents within his personal possession.

4

Finally, Plaintiff and Defendant Pefanis are DIRECTED to appear in Courtroom 1905 on Thursday, February 18, 2010, at 11:00 a.m. for a hearing on Plaintiff's emergency motion to compel in *Forsberg*.

The Clerk of the Court is DIRECTED to SERVE this order on:

> James Pefanis
> 1740 Corsica Drive
> Wellington, Florida 33414
>
> and
>
> AME Financial Corp. and Georgia Mutual Mortgage Company
> c/o Chief Executive Officer Wayne A. Bonertz
> 4319 Allenhurst Drive
> Norcross, Georgia 30092

**IT IS SO ORDERED** this 4th day of February 2010.


      /s   J. Owen Forrester
      J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE