IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Damon Smith, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-cv-01042-JOF-RGV |
| James Pefanis, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**OPINION & ORDER**

This matter is before the court on Plaintiff's motion to compel The Jeffries Group to produce documents [151]; The Jeffries Group's motion for oral argument [158]; The Jeffries Group's motion for reconsideration [162]; Plaintiff's motion for attorney's fees against Ron Eckland, Atlanta Real Estate Law Group, and the Jeffries Group [164]; and Ron Eckland's motion for order, hearing, and release from custody [216].

On August 31, 2009, this court adopted the Non-Final Report and Recommendation of Magistrate Judge Russell G. Vineyard which *inter alia* addressed various motions for contempt filed by Plaintiff against non-parties Ron Eckland and Mr. Eckland's law firm, Atlanta Real Estate Law Group, LLC, as well as The Jeffries Group, then-accountants for Defendant AME Financial Corporation. Magistrate Judge Vineyard recommended that the

AO 72A
(Rev.8/82)

district court issue a show cause order to these Defendants as to why they should not be adjudged in contempt for failure to comply with the Magistrate Judge's October 30, 2008, order on discovery issues. The court directed these entities to appear for a hearing on Plaintiff's motion for contempt on September 30, 2009.

At the September 30, 2009, hearing, the court found that Mr. Eckland and his law firm had complied with certain of the requests and had not complied with others. The court directed that Mr. Eckland be fined $150 per day from the date of the hearing until the records were produced or the court was otherwise satisfied that everything had been done to obtain the records. With respect to Mr. Jeffries, who had appeared unrepresented at the September 30, 2009, hearing, the court found the documents he produced at the hearing were not responsive to Plaintiff's subpoena request and found Mr. Jeffries in contempt of court, fining him $500 per day from the date of the hearing until the production of the documents. The court directed Plaintiff to file an application for attorney's fees with respect to efforts to obtain compliance with the subpoena.

The court held another hearing on the motion for contempt on October 6, 2009, to discuss whether Mr. Eckland and Mr. Jeffries had complied with the court's orders. Mr. Jeffries was represented by counsel at this hearing. The court directed Mr. Jeffries to produce certain additional documents and granted Plaintiff leave to depose Mr. Jeffries in an effort to learn more about those documents and Mr. Jeffries' audit of AME Financial.

2

Several weeks later, on October 20, 2009, Plaintiff filed additional motions to continue contempt sanctions against Mr. Eckland and Mr. Jeffries. The court scheduled a hearing on those motions for November 17, 2009. At the hearing, the court first held that the contempt fines it had imposed against Mr. Eckland and Mr. Jeffries would cease on October 16, 2009, the day the jury returned its verdict in the related *Forsberg* case. The court then determined that there appeared to be relevant documents that Mr. Jeffries still failed to produce. The court directed Plaintiff to file by the next day a motion identifying those documents he believed Mr. Jeffries should produce and allowed Mr. Jeffries time to object to that motion. Plaintiff filed the requested motion on November 18, 2009, at Docket Entry 151. In that motion, Plaintiff noted that despite the answers given by Mr. Jeffries in his deposition, he then produced an errata sheet which completely reversed the terms of his prior testimony. It also came to light at that hearing that Mr. Jeffries admitted that in fear of the court's contempt powers, he had produced fabricated documents to Plaintiff in hopes of convincing the court he had done all he could to comply with the terms of the subpoena.

In a written order on November 18, 2009, the court recounted these events and held that Mr. Jeffries be fined $500 per day from the September 30, 2009, hearing holding him in contempt until the date of the jury verdict in the *Forsberg* litigation, October 16, 2009, for a total of $8,000. The court directed Mr. Jeffries to pay that fine within thirty days. A

3

similar order was entered two days later directing Mr. Eckland to pay $150 fine per day for sixteen days for a total of $2,400.

On November 30, 2009, Mr. Jeffries filed the instant motion for reconsideration of the court's order imposing a total fine of $8,000. Mr. Jeffries argued that it was not fair to impose a fine on Mr. Jeffries that was three times that imposed against Mr. Eckland. Mr. Jeffries also contended that at the November 17, 2009, hearing, the court had imposed a fine of $150 per day against Mr. Jeffries and not $500 per day. Without prejudice to his motion for reconsideration, Mr. Jeffries did timely pay the $8,000 in to the Registry of the Court on January 14, 2010.

The court first notes that when the court discussed the $150 fine at the November 17, 2009, hearing, it mis-spoke. In the court's order of November 18, 2009, the court clarified that the transcript from the September 30, 2009, hearing clearly showed that the court imposed a fine of $500 per day on Mr. Jeffries. *See* Order, dated Nov. 18, 2009, Docket Entry 152, at 7 n.1. The court will not reconsider this amount either in light of the erroneous statement at the November 17, 2009, hearing, or in comparison to Mr. Eckland's fine. As the court explained to Mr. Jeffries numerous times, the court views Mr. Jeffries in his role as an accountant to be a professional held to a higher standard of care with respect to financial documents. The court finds Mr. Jeffries' behavior in refusing to produce the documents and refusing to comply with the orders of Magistrate Judge Vineyard and this

4

court to be outrageous. And even more egregious was Mr. Jeffries' production of fabricated documents when he finally did produce some documents. For these reasons, the court DENIES The Jeffries Group's motion for reconsideration [162].

Still pending before the court are Plaintiff's motion to compel against Mr. Jeffries, Docket Entry 151, and Mr. Jeffries' motion for oral argument on Plaintiff's motion to compel. As the parties are well aware, discovery of the financial records of Defendants in this case and the related *Forsberg* case has taken on a life of its own. There is no information before the court that Mr. Jeffries has any additional documents that would be relevant to untangling the knot of what AME might have been worth at various points in its history. Further, Mr. Jeffries' credibility with the court is severely diminished to say the least. For these reasons, the court DENIES WITH LEAVE TO RENEW Plaintiff's motion to compel The Jeffries Group to produce documents [151] and DENIES AS MOOT The Jeffries Group's motion for oral argument [158]. Should Plaintiff in the future believe that further information is needed from Mr. Jeffries, the court grants Plaintiff leave to file a renewed motion to compel.

The contempt issues with Mr. Eckland continued far past those of Mr. Jeffries and eventually resulted in the court placing Mr. Eckland into the custody of the United States Marshal on January 22, 2010. During the time of Mr. Eckland's incarceration, various of his counsel asked for the court to find that Mr. Eckland had purged his civil contempt and

5

release him from custody. *See* Motion, Docket Entry 216. In response to Docket Entry 216, the court scheduled a civil contempt hearing for February 18, 2010. At that hearing, the court determined that while Mr. Eckland had not purged his contempt, he should be released from custody because it was not in the interest of justice to continue his incarceration. For the reasons stated at the February 18, 2010, hearing, the court GRANTS IN PART AND DENIES IN PART Ron Eckland's motion for order, hearing, and release from custody [216].

Finally, as the court directed at the September 30, 2009, hearing, Plaintiff filed the instant motion for attorney's fees against Ron Eckland, Atlanta Real Estate Law Group, and the Jeffries Group. The court has discretion to impose attorney's fees as a remedy for civil contempt. *See Tom James Co. v. Morgan*, 141 Fed. Appx. 894, 899 (11th Cir. 2005) (per curiam).

An analysis of an application for attorney's fees begins with the basic principle that the court "is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "The next step in the attorney's fee analysis is to determine whether the hours billed were reasonable." *See Norman*, 836 F.2d at 1301. The court must exclude "excessive, redundant or otherwise

6

unnecessary" hours. *Id.* (citation and quotation omitted). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* (citing *Norman*, 836 F.2d at 1303).

The hourly billing rate for Mr. Munger in 2008 was $315. That rate increased to $350 per hour on January 1, 2009. Mr. Stone's 2008 hourly rate was $280. His fee increased to $325 per hour on January 1, 2009. Plaintiff provided the affidavit of Mr. Hunter R. Hughes III of Rogers & Hardin, LLP who testified that these rates are at the lower end of the prevailing market rate in Atlanta for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See* Hughes Decl. Messrs. Eckland and Jeffries do not object to the billing rate of Plaintiff's counsel and the court finds it reasonable. The court turns next to the issue of billing judgment.

7

Mr. Jeffries

Plaintiff's fee application shows certain phases of the contempt process with respect to Mr. Jeffries:

| | | | |
|---|---|---|---|
| • | initial contempt hearing | 16.3 hours | $2,661.25[1] |
| • | further document discovery and preparation for second contempt hearing | 4.1 hours | $ 666.25 |
| • | preparation and deposition of Mr. Jeffries | 8.5 hours | $2,762.50 |
| • | motion for continuing contempt and hearing | 7.1 hours | $2,307.50 |
| • | motion to compel | 2.1 hours | $ 682.50 |
| | TOTAL | | $9,080.00 |

Mr. Jeffries filed an opposition to Plaintiff's attorney fee application arguing that the combination of the $8,000 fine and $9,080 in attorney's fees is too great a fine in light of Mr. Jeffries' conduct. He also objects to fees requested for his deposition, arguing that the deposition would have been a necessary part of any litigation regardless of contempt. He further states that the questions asked at the deposition were those customarily asked of a CPA about the audit of his client. Mr. Jeffries also objects to any fees requested for preparing a motion of continuing contempt against Mr. Jeffries in November 2009, as the court-ordered contempt concluded at the end of the *Forsberg* trial in October 2009. The

---

[1] This amount reflects a split between Mr. Eckland and Mr. Jeffries as the hearing covered both individuals.

8

elimination of these two categories of fees would lower Plaintiff's attorney's fee request to $4,011.

As the court indicated above with respect to Mr. Jeffries' motion for reconsideration, the court considers the conduct of Mr. Jeffries in this matter to be extraordinary. Mr. Jeffries' failure to respond to Plaintiff's subpoena, failure to attend the hearing set down by Magistrate Judge Vineyard, and failure to comply with the orders of this court unnecessarily complicated the discovery process. The court does not agree that Mr. Jeffries' deposition would have been taken regardless of contempt. The court did not grant Plaintiff leave to take the deposition of Mr. Jeffries until well into the process of contempt hearings and after which point it became clear to the court that Mr. Jeffries had not produced the documents he was directed to produce.

The court also does not agree that Plaintiff is limited in seeking fees for events that occurred up until the time of the *Forsberg* verdict. The court granted Plaintiff leave to file additional motions for contempt after the date of the verdict and the court made it clear it believed that Mr. Jeffries continued to be in contempt. However, because events have overtaken the last motion to compel filed by Plaintiff and the court has not adjudicated that motion, the court will cut Plaintiff's application by $682.50 to $8,397.50.

9

Mr. Eckland

Plaintiff's fee application shows certain phases of the contempt process with respect to Mr. Eckland:

- research and drafting of original motion for contempt    24.7 hours    $ 3,944.50

- preparing for initial contempt hearing    16.3 hours    $ 2,661.25[2]

- further document discovery and preparation for second contempt hearing    4.1 hours    $ 666.25[3]

- motion for continuing contempt and hearing    14.2 hours    $ 4,615.00

- motion to compel    1.8 hours    $ 585.00

     TOTAL      $12,472.00

Mr. Eckland objects to Plaintiff's application for attorney's fees arguing that any time spent litigating contempt after the conclusion of the *Forsberg* trial is not a matter that the court has authorized attorney's fees and, therefore, the request should be cut by $4,615. Mr. Eckland contends that any fees related to the new motion to compel are premature as the court had not yet ruled on it and that some of the hours expended by counsel on November 14, 2008 and November 18, 2008, appear excessive.

For the same reasons as stated above, the court finds that Plaintiff's fee application is not limited to the time prior to the *Forsberg* verdict. The court granted Plaintiff leave to

---

[2] See note one above.

[3] See note one above.

file an additional motion of contempt against Mr. Eckland. That motion was litigated in papers and over the course of several hearings. It resulted in the court directing that Mr. Eckland be placed in the custody of the United States Marshal and despite the fact that the court eventually released Mr. Eckland from custody, the court made it clear it believed Mr. Eckland still has not purged himself of contempt. The motion to compel which was pending at the time Mr. Eckland filed his objections has now been granted.

Finally, the court has reviewed the hours expended by counsel on this matter and concludes that they are reasonable. The failure of Mr. Eckland to comply with his obligations as ordered by the Magistrate Judge and this court caused Plaintiff's counsel to expend countless hours in tracking down information the court had ruled they were entitled to discover. The court does not find that a total fee request of $12,472.00 against Mr. Eckland is unreasonable.

The court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for attorney's fees against Ron Eckland, Atlanta Real Estate Law Group, and the Jeffries Group [164]. Mr. Jeffries is DIRECTED to pay to Plaintiff $8,397.50 in attorney's fees. Mr. Eckland is DIRECTED to pay Plaintiff $12,472.00 in attorney's fees.

11

**Conclusion**

The court DENIES WITH LEAVE TO RENEW Plaintiff's motion to compel The Jeffries Group to produce documents [151]; DENIES AS MOOT The Jeffries Group's motion for oral argument [158]; DENIES The Jeffries Group's motion for reconsideration [162]; GRANTS IN PART AND DENIES IN PART Plaintiff's motion for attorney's fees against Ron Eckland, Atlanta Real Estate Law Group, and the Jeffries Group [164]; and GRANTS IN PART AND DENIES IN PART Ron Eckland's motion for order, hearing, and release from custody [216].

Mr. Jeffries is DIRECTED to pay to Plaintiff $8,397.50 in attorney's fees. Mr. Eckland is DIRECTED to pay Plaintiff $12,472.00 in attorney's fees.

**IT IS SO ORDERED** this 14th day of June 2010.

      /s   J. Owen Forrester
      J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)